

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Overruled by O-6968
*as so far as it conflicts*

6-29-55

Honorable B. F. McKee
County Auditor
Hidalgo County
Edinburg, Texas

Dear Mr. McKee:

Opinion No. O-8889

Re: Salaries of Court Reporters
in Hidalgo County

Your communication of February 15, 1944, addressed to this department, reads as follows:

"Since the formation of the 92nd Judicial District in 1932, Hidalgo County has been a county which alone constitutes two Judicial Districts. The Court Reporters of the 92nd and 93rd District Courts of Hidalgo County have submitted claims to our Commissioners Court for back salary dating back to 1933. Their claims are based on their contentions that they should be paid under Article 2326b. We have been paying them $2,700.00 per year as provided in Article 2326c. The reporter for the 93rd District Court submitted copies of opinions from your office, addressed to various County Auditors, and County Auditor Gilds of Neecos County permitted us to use his file on Court Reporters in that county including your opinion O-3055 and amendments thereto. None of these opinions considers Article 2326c, hence I ask that you answer the following questions:

"(1) Article 2326c fixes all salaries of Court Reporters 'where the compensation of such reporter----is not otherwise provided by special law' and was passed in 1933. Is Article 2326b such a special law as would come within the quoted exception?

"(2) If Article 2326b is such a special
law, then:

"(a) Was it passed in conformance
with Article III Section 57 of the Con-
stitution?

"(b) If it was so passed could it
affect Hidalgo County where the condition
described in Article 2326b did not occur
until 1932 whereas Article 2326b was en-
acted in 1929, three years prior thereto?

"(3) If Article 2326b is a general law,
was it repealed by the subsequent passage, in
1933, of Article 2326c which provides for the
salary of the reporter of each Judicial Dis-
trict and any County Court in this State?

"(4) In a claim of this nature would the
two or four years statute of limitation apply?

"(5) The Court Reporter for the 93rd Dis-
trict Court has served as such since January
1933, the reporter for the 92nd District Court
has a little over a year service. At the time
Article 2326c became effective the salary of
the Court Reporter for each court was set at
$2,700.00 per year and neither one of the pres-
ent Court Reporters has protested same or made
any objection to that rate of pay until the fil-
ing of the present claim early in January 1944.
If you hold that we should have paid them under
Article 2326b what effect, if any, would 'Mutual
Mistake' have on the amount to be paid at this
time?"

In reply thereto you are advised as follows:

Article 2326b, V. A. C. S., (Acts 1929, 41st.
Legislature, p. 691, ch. 310, par. 1) has been superseded
by Article 2326c, V. A. C. S. (Acts 1933, 43d Legislature,
p. 595, ch. 198). The second paragraph of said Article
2326c reads as follows:

"The salary of the official shorthand reporter in each Judicial District in any county of this State with a population in excess of one hundred and fifty thousand (150,000) according to the last preceding Federal census and which alone constitutes two or more Judicial Districts, in addition to the compensation of transcript fees as provided by law, shall be Three Thousand Dollars ($3000.00) per annum to be paid as the salaries of other court reporters are paid." (Emphasis ours)

The first paragraph of said Article 2326c fixes the salary of all other official shorthand reporters, where their compensation is not otherwise provided by special law, at not more than $2700.00 nor less than $2400.00 per annum, to be fixed and determined by the judge as therein provided, in addition to the compensation for transcript fees, as provided for by law.

This Article 2326c became effective on August 31, 1933. It has since been in force and effect, except as modified by Article 2327a, which became effective on May 5, 1947. Said Article 2326c is also modified by Articles 2326d, V.A.C.S., and by Article 2326e, V.A.C.S., but none of said modifications affect Hidalgo County, which alone constitutes two judicial districts and has never had a population in excess of 150,000. The Federal census of 1930 showed the population of Hidalgo County to be 77,004. The 1940 Federal census shows its population to be 106,059.

Therefore, from January 1, 1932, since which date Hidalgo County alone has constituted two judicial districts, to August 31, 1933, the effective date of Article 2326c, supra, the salaries of the court reporters for the 92d and 93d Judicial Districts were controlled by Article 2326b, supra. During said time each of said reporters was entitled to a salary of $3000.00 per annum in addition to transcript fees.

Since August 31, 1933, however, each of said reporters has been entitled to a salary of not more than $2700.00 nor less than $2400.00 per annum, to be fixed and determined as provided by Article 2326c aforesaid.

The questions propounded were correctly answered in our former Opinion No. O-3955. However, it should have been emphasized therein that Article 2326b, V. A. C. S., has been superseded by the provisions of Article 2326c, V. A. C. S. To that extent said former opinion is hereby modified.

In view of the foregoing, your questions submitted are answered as follows:

(1) No. Article 2326b was a general law.

(2) No answer required.

(3) Article 2326b was repealed and superseded by the passage of Article 2326c.

(4) The two-years statute of limitation applies. City of Houston v. Stewart, (Civ. App.) 90 S. W. 49. (Also see County of Caldwell v. Crocket, 44 Tex. 421, 4 S. W. 607, which holds that limitation will run in favor of and against counties, in the absence of some statute to the contrary).

(5) Your communication indicates no contention regarding salaries prior to the adoption of Article 2326c; and therefore no answer is required for this last question.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By L. H. Flewellen

L. H. Flewellen
Assistant

APPROVED
OPINION COMMITTEE
BY A. W.
CHAIRMAN

LHF-MR